**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Daniel Sanchez RIVERA,
Defendant–Appellant.**

No. 03–1526.

United States Court of Appeals,
Sixth Circuit.

Feb. 5, 2004.

Michael A. MacDonald, Asst. U.S. Attorney, U.S. Attorney's Office for the Western District of Michigan, Grand Rapids, MI, for Plaintiff–Appellee.

Larry B. Woods, Grand Rapids, MI, for Defendant–Appellant.

Before NELSON, GILMAN, and ROGERS, Circuit Judges.

## ORDER

This is a direct appeal from a criminal judgment and commitment order. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2002, Daniel Sanchez Rivera was indicted for being a felon in possession of a firearm. The case proceeded to a two-day jury trial and Rivera was found guilty of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The district court sentenced Rivera to a 180–month term of imprisonment and a three-year period of supervised release. This appeal followed. Counsel for Rivera filed a motion to withdraw from this appeal and filed a "no merit" brief pursuant to Rule 101(f), Rules of the Sixth Circuit, and *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

Beginning in May 2001, local law enforcement officials began investigating convicted felon Rivera in connection with a series of burglaries in and around Ottawa County, Michigan. The investigation culminated in an agreement between the authorities and Rivera, the central feature of which was that Rivera's criminal exposure would be substantially reduced in exchange for his cooperation in the investigation. On July 3, 2001, an Allegan County, Michigan, deputy sheriff was on routine traffic patrol when he stopped a vehicle being driven by Rivera for a moving violation. The deputy arrested Rivera after confirming that his driving privileges had been suspended and that the license plate had been altered. The vehicle was impounded and subjected to an inventory search. Officers conducting the inventory search found a loaded, operable Mossberg shotgun in the vehicle's trunk. Rivera was administered his *Miranda* rights and admitted ownership of the shotgun.

Rivera was subsequently tried and convicted in Michigan state court on lesser charges stemming from the burglaries. The federal indictment for being a felon in possession of a firearm was handed up after the state court conviction and was based solely on Rivera's July 3, 2001, possession of the Mossberg shotgun.

Rivera proceeded to a jury trial. Rivera and his counsel stipulated to the fact that Rivera was a convicted felon as of July 3, 2001, and that the Mossberg shotgun was a firearm manufactured outside of Michigan, the transportation of which affected interstate commerce. Rivera's trial strategy was that his agreement to cooperate with state law enforcement authorities clothed him with a grant of public authority to obtain the shotgun, in effect, in aid of the burglary investigation. The prosecution, in turn, produced every law enforcement officer involved in the burglary investigation and cooperation agreement with Rivera. Each officer emphatically denied that Rivera was empowered by the cooperation agreement to commit a violation of federal law or to obtain firearms on his own initiative. Rivera admitted on the stand that he purchased the Mossberg shotgun, that he was a convicted felon who was prohibited from owning firearms, and that he had violated this prohibition many times in recent years. The jury was charged and returned a guilty verdict in thirty minutes.

The parties returned for sentencing following completion of a presentence report. Counsel for Rivera objected to the recommendation that Rivera's guideline range should not reflect his acceptance of responsibility for his actions. Counsel based his argument on Rivera's continued insistence that he had the authority to obtain the shotgun to aid law enforcement officials. The district court considered and rejected this argument. The court found that Rivera's claim of public authority was contrary to his earlier position at the time of the traffic stop and that it appeared to "fly in the face of reality." Counsel also argued, apparently at the behest of Rivera, that his federal prosecution violated his right to be free from double jeopardy as his original arrest was at the hands of Michigan state law enforcement officials. The court rejected this eleventh-hour double jeopardy claim on the law in general and on the specific facts of Rivera's case. Rivera was permitted to speak in his own behalf and the court imposed the sentence of record.

■ Counsel for Rivera advances three arguable issues for appellate review while conceding their lack of merit. Counsel argues that Rivera's federal prosecution was precluded by double jeopardy principles owing to Rivera's cooperation agreement with Michigan state law enforcement agents. The doctrine of dual sovereignty

provides that successive prosecutions by separate sovereigns, that is, a state and the United States, for crimes arising out of the same acts are not barred by the Double Jeopardy Clause. *Heath v. Alabama,* 474 U.S. 82, 88–89, 106 S.Ct. 433, 88 L.Ed.2d 387 (1985). There is not one shred of objective evidence that the federal conviction was achieved through collusion with state authorities so as to negate the dual sovereign exception. *Bartkus v. Illinois,* 359 U.S. 121, 122–24, 79 S.Ct. 676, 3 L.Ed.2d 684 (1959).

Counsel also asserts that it may have been error to enter into an agreement to allow the United States to introduce evidence of Rivera's prior "bad acts" in the form of prior firearm ownership under Fed.R.Evid. 404(b). This claim is properly construed as a claim that counsel was constitutionally ineffective in this regard and, as such, it will not normally be entertained on direct appeal. *See, e.g., United States v. Brown,* 276 F.3d 211, 217 (6th Cir.2002).

█ The final arguable issue presented is that the district court may have erred in declining to reduce Rivera's base offense level after concluding that Rivera did not accept responsibility for his actions under USSG § 3E1.1. A district court's decision to deny a § 3E1.1 reduction for acceptance of responsibility will not be disturbed absent clear error. *Buford v. United States,* 532 U.S. 59, 64–66, 121 S.Ct. 1276, 149 L.Ed.2d 197 (2001). In the case at bar, Rivera maintained his "public authority" defense in the face of overwhelming evidence to the contrary during his trial and at the sentencing hearing. This claim is utterly without merit. There are no other errors alleged or apparent.

Accordingly, the motion to withdraw representation is granted and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.